PER CURIAM.
The appellant spanked his three-year-old son with a belt to discipline him. The child’s pediatrician, noting heavy bruising on the child a day or two later, reported his observations to the appellee, the Department of Health and Rehabilitative Services. The department thereupon investigated the pediatrician's report and listed the appellant as a “confirmed” child abuser on the central child abuse registry. The appellant denied that any child abuse occurred and requested the department to expunge his name from the registry. He appeals the final order entered by the secretary of the department adopting the recommended order of the hearing officer and denying ex-pungement.
On appeal the appellant claims that the department’s so-called “24 Hour Rule” was applied to him so as to violate his constitutional rights. The “24 Hour Rule” has to do with an internal policy of the department which provides guidance to investigators of child abuse reports. When a department investigator finds that corporal punishment was administered and caused bruises lasting more than twenty-four hours, the investigator is to consider this “temporary disfigurement” for purposes of the statute defining harm to a child and, consequently, excessive corporal punishment. Such excessive corporal punishment will, in the eyes of the department, be reported as confirmed child abuse. See § 415.503(14) Fla.Stat. (1989) (defining “physical injury”), § 415.503(9)(a)(1), Fla. Stat. (1989) (defining “harm”), § 415.503(3), Fla.Stat. (1989) (defining “child abuse”), and § 415.503(6), Fla.Stat. (1989) (defining “confirmed report”).
Appellant requested and was granted an evidentiary hearing on expunging his name from the registry at which the department had to prove that it justifiably reported a confirmed child abuse case. Both sides presented evidence. The hearing officer’s recommended report shows that the hearing officer felt bound, as a matter of law in interpreting the department’s own rules, to uphold the confirmed report of child abuse solely on the unrefuted evidence that the child had received a spanking from his father causing bruises which lasted more than twenty-four hours. The hearing officer erred because he relied on the department’s “24 Hour Rule” instead of basing his conclusion on the totality of the credible evidence presented. The hearing officer thus raised the department’s internal policy to the level of an irrebuttable evidentiary presumption depriving the appellant of due process.
During the pendency of this appeal, this court considered and decided the analogous case of B.R. v. Department of Health & Rehabilitative Services, 558 So.2d 1027 (Fla. 2d DCA 1989). B.R. held that the appellee’s “24 Hour Rule” was an unconstitutional evidentiary presumption. B.R. controls here because of the close similarity of facts and mandates reversal. Without the impermissible use of the appellee’s “24 Hour Rule,” the facts as found by the hearing officer do not support the conclusion that excessive force was used by the appellant. Accordingly, we reverse the final order of the secretary of the department and remand with instructions to expunge the appellant’s name from the central child abuse registry.
Reversed and remanded.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.